EDMUND R. FOWLER *against* THE STATE OF CONNECTICUT.

### IN ERROR.

THIS was an information, brought before the County Court, upon the statute against *lascivious carriage and behaviour.*

The defendant pleaded *not guilty ;* and the jury found a verdict against him.

On the trial, the attorney for the state, introduced *Nancy Parker,* as a witness, to prove the facts charged in the information. Her testimony was as follows : " That *Fowler,* on the day mentioned in the information, was with her, in the room in her father's house, no one being present, excepting her little sister, of the age of twelve years ; that *Fowler* desired that her sister might be sent away ; that she accordingly, sent her away, or she went away ; that she, the witness, then went down cellar, and *Fowler* then shut the door upon her ; that she then went to an outside cellar door, which was open, and as she was coming out from the cellar, *Fowler* met her, took hold of her clothes, saying, why do you always avoid me ? that she disengaged herself from him, and returned to the room from whence she departed ; that *Fowler* followed her into the room, and told her he would give her a pair of shoes, if she would meet him some evening, and as a signal for her to go out to meet him, he would whistle ; that, however, she would not consent to meet him ; that as she was standing in the corner of the room, *Fowler* came up to her, and pressed her closely, and asked her if he might have carnal knowledge of her ? which she refused ; that he told her there would be no harm in it, and that no one would ever know it ; that while standing there, he unbuttoned his breeches, took hold of her hand, and endeavoured, forcibly, to thrust her hand into his breeches ;

Wanton and lascivious acts of one person only, practised towards another person of a different sex, against the will and consent of such person, though in the absence of all others, may constitute the offence of lascivious carriage, within the meaning of the statute. And the person against whom, under these circumstances, such acts are practised, is a competent witness to prove such acts.

A writing subscribed by a witness, drawn up by one who is a justice of the peace, and an attorney, purporting to be a complaint to grand-jurors, charging the defendant with an attempt to commit a rape upon her, is not admissible, for the purpose of impeaching her testimony, in a public prosecution for another offence, but relating to the same transaction.

that she resisted, and twitched her hand away ; that seeing her father, after said transaction had happened, through a window near to said corner of said room, coming towards the house, he being about fifty or sixty rods off, she told *Fowler* to let her alone, as her father was coming and would see him, and that he thereupon, quitted her ; that *Fowler* then went to the fire, and while there, (her father, by this time, having got to the house, and was unloading cider,) took hold of her clothes, with a view to pull them up, and raised them a short distance ; that she resistedt his attempt ; and that all the conduct of *Fowler* towards her, as related above, was against her will, and without her consent ; and that she resisted the whole, and was at the time afraid of him."

After the evidence above recited, had been heard, the counsel for the defendant insisted, that it ought not to be taken into consideration by the jury, on the ground of its being totally irrelevant ; and if true, that it did not amount to proof of lascivious carriage; alleging, that to constitute that offence, within the meaning of the statute, the conduct of the defendant should have been assented to, by both parties. But the court overruled the objection, and permitted the evidence to go to the jury.

The witness further testified, " that all that said *Fowler* did or said to her, created in her no alarm, or apprehension, that he would attempt to have carnal knowledge of her body, forcibly, against her will and consent."

For the purpose of impeaching the testimony of the witness, and to shew, that she had given a different account of the transaction, in the particular last mentioned, the counsel for the defendant moved to introduce, as evidence, a certain writing, subscribed by the witness, and drawn up by *A. V. H. Dewitt*, Esq. a justice of the peace, and an attorney ; purporting to be a complaint to the grand-jurors of the town of *Milford*, charging the defendant with a different offence from that alleged in the information, and referring to the same transaction ; which writing was as follows, to wit, " To *Benjamin Clark*, jun. and *Josiah Boardman*, both of *Milford*,

in *New-Haven* county, grand-jurors of said town, comes *Nancy Parker*, of said *Milford*, and complaint makes, that *Edmund R. Fowler*, of said *Milford*, on the 30th day of *October* last, at the dwelling-house of *Jeremiah Parker*, in said *Milford*, with force and arms, and actual violence, did an assault make on the body of your complainant, she being a female, with intent to commit a rape, and did in fact make the attempt ; all which is contrary to the form and effect of a certain statute law of this state, entitled " an act for the punishment of certain attrocious crimes and felonies :"—she, therefore, prays that due enquiry may be had in the premises, and examination made.   Dated at *Milford, November* 23d, 1809."

                              " *Nancy Parker.*"

   This evidence was objected to by the public prosecutor ; and the court determined it to be inadmissible.

   The court, in their charge to the jury, instructed them, that wanton and lascivious acts of one person only, practised towards another person of a different sex, though in the absence of all others, and though against the will and consent of the person towards whom they were practised, might constitute the offence termed *lascivious carriage,* within the meaning of the statute.   Whereupon, the defendant filed his bill of exceptions, therein setting forth all the matters before mentioned.

   On a writ of error brought to the Superior Court, the judgment of the County Court was affirmed ; and to reverse the judgment of the Superior Court, the present writ of error was brought.

   The general error was assigned.

   *N. Smith* and *Staples*, for the plaintiff in error, contended,

   1. That the charge was incorrect.   2 *Swift's Syst.* 331.

   2. That the evidence of the writing offered by the plaintiff in error, was improperly rejected.   12 *Vin. Abr.* 88.

   3. That the offence, as stated and proved, is not within the statute.

*Daggett* and *L. E. Wales,* argued in behalf of the public.

They cited *Fitzgib.* 197.   *Doe* ex dem. *Bowerman* v. *Sybourn,* 7 *Term Rep.* 2. *Bull. N. P.* 234. n. 4 *Com. Dig.* 96. (*Rose's* edit.) *Swift's Ev.* 129.

BALDWIN, J.   The record presents three exceptions to the judgment of the County Court, appearing from a bill of exceptions there filed, *viz.* that the court admitted *Nancy Parker,* the only person present at the time the acts complained of were committed, to testify to the same ; and did refuse to admit in evidence, for the purpose of rebutting her testimony, a complaint to the grand-jurors of the town, for the same transaction, drawn up by an attorney, and signed by her ; and that said court charged the jury, that wanton and lascivious acts of one person only, practised to another person of a different sex, against the will and consent of such person, no other being present, did, or might constitute the offence within the statute.

If the charge is correct, the first exception fails of course. The correctness of the charge depends on a sound construction of the statute.

Although, from the indelicacy of the subject, and the different shades of criminality attending the offence, the legislature have avoided a definition of lascivious carriage and behaviour ; yet, it is evident from the preamble to the act, and the plain import of the expressions, that they meant to include and suppress all those wanton acts, between persons of different sexes, flowing from the exercise of lustful passions, which are grossly indecent and unchaste ; and which are not otherwise punished as crimes against chastity and public decency.

If this be a correct exposition of the statute, our enquiry is, whether the conduct of the accused, as stated in the information, and proved by the witness, comes fairly within it.

That it is lustful, grossly indecent and unchaste, cannot be disputed.   It will also be admitted, I presume, that it did not constitute a known offence punishable at common law, nor by any statute, unless by the one in question.   It is

however contended, that this crime cannot be committed, unless by the assent and concurrence of two, at least. This offence may undoubtedly be committed by, or in the presence of, an assemblage of persons of different sexes; but there is nothing in the nature of the crime, requiring the assent or concurrence of those who are present, nor to prevent the commission of it, by one person only, exhibiting his lascivious carriage, to another unconsenting person, of a different sex. Indeed, the criminality of the offence is enhanced by the opposition; for it must be considered as one principal object of the law, to protect and strengthen such resistance, by preventing the exhibition of impure motives, calculated to excite passions, and thereby overpower the will.

On the other point, I would observe, that though the fair, unvarnished declarations of witnesses, are to be received to impeach their testimony; yet, the words used by an attorney, in drawing a declaration in a suit at law, or a bill in chancery, are not admissible in modern practice, for that purpose; because the draft, so made, is usually drawn in technical language, with averments of legal inferences, apparently different from the plain import of the simple detail of the facts. The writing offered is of this nature. It appears to have been drawn up technically, by an attorney, as the basis of a public prosecution; and it may be with an averment of such facts, as in the opinion of the attorney, were legally inferrable from the story of the witness, and without any view to preserve a memorial of the facts stated. Thus circumstanced, it comes fairly within the rule of declarations, or bills in chancery, which are excluded. I may also add, that this paper does not profess to be an accurate detail of all her story; of course, is not as good evidence as the testimony of an attorney would be, relating what she actually said to him, at the time the complaint was drawn.

I am, therefore, clearly of opinion, there is nothing erroneous on either ground.

MITCHELL, C. J., REEVE, TRUMBULL, SMITH and BRAINARD, Js., severally concurred in this opinion.

EDMOND, J. was of opinion, that the complaint to the grand-jurors, subscribed by the witness, ought to have been admitted, for the purpose of impeaching her testimony : on the other point he concurred.

INGERSOLL, J. having been of counsel in this cause, did not judge.

SWIFT, J. I am of opinion, that the writing subscribed by the witness, and sent to the grand-jury, ought to have been admitted in evidence, to impeach her testimony.

Formerly, bills in chancery were admitted in evidence, to prove the facts therein stated, probably, on the ground, that being subscribed by the party, they were considered to be his story ; but now, as it is known, they are frequently the suggestion of counsel only, they are not evidence; though answers in chancery, when sworn to, are yet considered as evidence. Declarations and pleadings, have not been considered as evidence of the facts they state.

In this case, it is contended, that the paper offered in evidence, ought to be rejected, on the ground, that it is analogous to a bill in chancery. It appears to me, there is no analogy between the two cases. In the case of a suit in chancery, the plaintiff states his claim, and his counsel puts it in apt and legal from; and though the bill be signed by the party, this is mere matter of form, and is not an assertion, that he knows the facts to be true, nor an admission, that they are true ; but merely a statement which he intends to prove by witnesses. It would, therefore, be wrong to consider this as evidence against him ; for, he may fail to prove such statement, or, it may turn out to be wholly a mistake ; and then, he ought not to be bound, or charged by it. But, in this case, the person who drew up the paper subscribed by the witness, was a justice of the peace, and an attorney ; yet, he did not act as counsel to the witness, but appears to have drawn up a statement of facts from her mouth, which was subscribed by her, for the purpose of laying it before the grand-jury, as the basis of a criminal prosecution ; and to the truth of which facts, she must be supposed to pledge herself to testify. She must, therefore, be considered as de-

June, 1811.

FOWLER
v.
THE STATE.

claring the statement to be true ; and the writing must be considered as standing on the same footing, as if drawn by herself, and as containing her declarations respecting the facts, in the same manner as any other written declarations, and of course, if variant from her testimony, admissible to impeach it.

Suppose she had gone in person to the grand-jury, and told them precisely the same story, on which they had instituted a criminal prosecution, and she had been called on as a witness ; can there be any question, but that it would have been admissible, to have proved by the grand-jurors, that in stating the facts to them, she told a different story from her testimony ? And, can there be any difference between the cases, whether she represented the transaction in writing, or verbally ?

It is not true, that the circumstance of a writing being a legal proceeding, is a reason why it may not be given in evidence ; for, an answer in chancery is a legal proceeding, and yet, is evidence against the party making it. The true principle is, that no writing shall be evidence, where it is not a statement of facts, upon the knowledge of the party making it. A bill in chancery is considered as the suggestion of counsel, and therefore, not evidence ; but as the party, in an answer in chancery, swears to facts within his knowledge, this is evidence. In this paper, subscribed by this witness, is a declaration of facts within her knowledge, made to the grand-jury, as a foundation for a criminal prosecution. It is, then, precisely analogous to an answer in chancery, and for the same reason, would be admissible evidence, though considered in the nature of a legal proceeding.

But, it is difficult to see, how information of the commission of an offence, to grand-jurors, can be considered as a legal proceeding. It may as well be said, that a note of hand is a legal proceeding, because an action can be brought upon it.

This, then, is the common case of impeaching a witness, by shewing, that he had given in writing, or verbally, a different account of the transaction from his testimony ; and therefore, the evidence was admissible.

Judgment affirmed.