The State *v.* Fienberg.

THE STATE OF CONNECTICUT *vs.* HARRIS FIENBERG.
THE STATE OF CONNECTICUT *vs.* MOE CASPER.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and MARVIN, Js.

A person accused of crime is not required to testify, and his failure or refusal to do so cannot be made the subject of comment to the jury; but where, having waived this immunity and having voluntarily taken the witness stand in his own behalf, he omits to deny or explain acts of an incriminating nature which the evidence of the prosecution tends to establish against him, his silence upon these matters may properly be commented upon

The State *v.* Fienberg.

and may be considered by the jury in reaching their conclusion as to his guilt or innocence.

Upon cross-examination of one of the accused in the present cases, the State's Attorney, acting upon the suggestion of the trial court that questions would be ruled upon as they were asked, put to the witness a series of questions which were not within the limits of the direct examination and which were excluded upon that ground. *Held* that the accused was not prejudiced by this procedure.

In a prosecution for arson, the proofs of loss submitted by the accused to the insurance company are admissible, although made after the fire.

The evidence in the present cases reviewed and *held* to justify the conclusion of the jury that each of the accused was guilty of the crime of arson.

Argued April 16th—decided August 4th, 1926.

INFORMATIONS charging each of the accused with the crime of arson, brought to the Superior Court in Fairfield County and tried together to the jury before *Hinman, J.;* verdicts and judgments of guilty, and appeals by the accused. *No error.*

The cases were heard together in this court, and, with one exception, upon identical reasons of appeal, as follows:

1. In denying the accuseds' motion to set aside the verdict on the ground that it was contrary to law, the evidence, and the weight of the evidence. 2. In admitting the testimony of Daniel E. Johnson. 3. In refusing to strike out the testimony of Daniel E. Johnson. 4. In admitting the proof of loss and in subsequently refusing to strike it from the record. 5. In denying the accused's motion for the dismissal of the information against Harris Fienberg. 6. In ruling that the State's Attorney might comment to the jury on the failure of the accused to testify as to the facts material to the fire. 7. In the comments which were unfair and prejudicial to the accused made to the jury

by the State's Attorney concerning the failure of the accused to testify to the facts concerning the fire. 8. In the action of the State's Attorney in persisting in propounding questions to the accused, Moe Casper, on cross-examination, which questions were beyond the scope of the cross-examination, and which served to emphasize to the minds of the jury the fact that both accused were not testifying to the facts concerning the fire, which conduct was unfair and prejudicial to the cause of the accused.

*Samuel Reich,* with whom were *Henry Greenstein* and *Philip Reich,* for the appellants (the accused).

*William H. Comley,* State's Attorney, with whom, on the brief, was *E. Earle Garlick,* Assistant State's Attorney, for the appellee (the State).

CURTIS, J.   The accused moved in the trial court that the verdict should be set aside on the ground that it was contrary to the evidence, and to the weight of the evidence. This motion was denied, and its denial is a ground of appeal.

The entire evidence in the cases as tried is made a part of the record. A review of the evidence discloses that the jury could reasonably have found the following facts: Fienberg and Casper came to Bridgeport from New York and rented a part of an old two-story frame building, consisting of a ground floor store and a second floor, which formerly had been the sleeping rooms of a dwelling-house, and which was wholly unadapted to business purposes, and they caused all the windows of the second floor to be tightly boarded up, although there were no other means of illumination on the second floor, except two small gas jets. They proceeded to store in this second floor a large

number of garments which were out of fashion and possessed of but little value; they also purchased, for a nominal price, over one hundred garments that had been burned in a fire in New York, and brought them to Bridgeport and stored them in a hall closet on the second floor of the building in question; and on its ground floor the accused conducted a retail business in ladies' coats and dresses of a cheap description, the total value of which, together with all the goods on the second floor, did not much exceed $6,000; there was a marked disproportion between the character and volume of the business carried on and the amount of rent which the accused agreed to pay for the premises.

The accused, immediately upon installing their business in Bridgeport, procured policies of insurance upon the stock of merchandise and fixtures aggregating $28,500, all of which insurance was in effect at the time of the fire. On November 26th, 1924, and for some time preceding, the only employee of the concern was a young woman by the name of Krantzman. On November 26th, 1924, Fienberg, Casper and Miss Krantzman were at the store; from six o'clock until six-thirty Miss Krantzman was away from the premises and Fienberg and Casper were there alone; Fienberg complained of being ill, and ostensibly left for New York about eight o'clock in the evening; Miss Krantzman and Casper remained at the store until about half past nine, at which time they left, locking up the store; Miss Krantzman went to her home in Bridgeport, and Casper started for the railroad station to take the 9:46 train for New York. A few minutes before twelve o'clock of that night a fire broke out in the second floor, but was speedily extinguished; when the firemen entered the premises the two gas jets were found to be wide open, a large quantity of kerosene soaked rags were found, and in two different

rooms of the second story were found small burned places on the floor which might have been made by a small flame purposely set to fulfil the purpose of a time fuse; the premises, when entered by the firemen within a few minutes after the alarm of fire, gave indications that an intense flame had swept through the second story notwithstanding there had been little real conflagration, but the only actual blaze was found in a box of cloth under a bench in one of the rooms on the second floor. Every possible means of entrance, either downstairs or upstairs, was found to be closed and locked, and no entrance to or exit from the building could have been obtained that night except through the front door. Although no damage whatever was done to the property downstairs, the accused made and swore to a proof of loss claiming damage in consequence of the fire amounting to $32,000. Although the garments which had been brought in a damaged condition from New York and placed in the hall closet of the second floor had not in fact been burned at all in the Bridgeport fire, the accused represented to the insurance investigators that these had been damaged in this fire, and claimed $1,800 as their sound value.

From these facts the jury could reasonably have found that the accused were guilty as charged beyond a reasonable doubt. The denial by the trial court of the accuseds' motions to set aside the verdict as against the evidence and as against the law was not erroneous.

The accused pressed the claim that reversible error was committed by the court in permitting the State's Attorney to make certain comments to the jury. Upon this point the court found as follows: At the conclusion of the taking of testimony, and before the arguments, the Attorney for the State, in the absence of the jury, requested the court to rule upon the question of his right to comment on the failure of the accused

to testify as to facts material to the issue and clearly within their knowledge, whereupon the court ruled as follows: "The proposition is perhaps as well stated, as in any place which I have been able to find, in the course of an opinion of the United States Supreme Court in the case of *Caminetti* v. *United States,* 242 U. S. 470, 493, 37 Sup. Ct. 192, referring to the testimony of an accused as to facts up to a certain point, but whose testimony stops at that point, and short of facts which the Government had offered evidence tending to prove, and the charge of the court in that case, approved by the Supreme Court, laid down in substance the principles that it was the accused's privilege not to take the stand at all, in which case, of course, no comments could be made upon his failure or refusal to take the stand, and also he had the privilege of even taking the stand and confining his testimony to matters which he desired to testify to, and that he could not be cross-examined as to matters not covered by his direct testimony. But, the court says: 'In passing upon the evidence in the case for the purpose of finding the facts you [the jury] have a right to take this omission of the defendant into consideration. A defendant is not required under the law to take the witness-stand. He cannot be compelled to testify at all, and if he fails to do so no inference unfavorable to him may be drawn from that fact, nor is the prosecution permitted in that case to comment unfavorably upon the defendant's silence; but where a defendant elects to go upon the witness-stand and testify, he then subjects himself to the same rule as that applying to any other witness, and if he has failed to deny or explain acts of an incriminating nature that the evidence of the prosecution tends to establish against him, such failure may not only be commented upon, but may be considered by the jury with all the

other circumstances in reaching their conclusion as to his guilt or innocence.' In the light of such authorities . . . as I have been able to accumulate upon the subject, I am inclined to think that comments by the attorney for the prosecution in a case of this sort would not be the subject of criticism, if confined within the limits of what I have indicated."

The State's Attorney thereupon, in his argument to the jury, confined his comments within the limits indicated by the court. There was no error in the ruling made. This ruling is amply supported by the case cited.

As to the rulings on evidence:

1. At the conclusion of the State's case, the defendant Moe Casper took the stand in his own behalf, and upon examination by his counsel, testified upon his direct examination as to matters antedating the partnership venture between himself and Fienberg in the premises No. 1342 Main Street where the fire occurred. No question was asked of Casper as to any matter relating to the business in Bridgeport, or as to the fire, or to the actions of Casper at any time subsequent to the opening of the business in Bridgeport.

Upon the cross-examination by the attorney for the State, all questions relating to any actions of Casper subsequent to the opening of the business in Bridgeport, or to any events connected with the fire on November 26th, 1924, were objected to by his counsel as not within the limits of the direct examination and therefore not proper subject of cross-examination, and upon such objection cross-examination along such line was excluded.

It was claimed that the procedure followed was unfair to the accused, in permitting the State's Attorney to ask these questions. The trial judge, in his ruling that he would hear the questions and then rule upon

them, did not err, and his ruling could not be held to have injuriously affected the accused.

2. As to the claimed error in relation to the testimony of Chief Daniel E. Johnson of the Bridgeport Fire Department, it is clear that in so far as he was permitted to testify there was no error committed by the court.

3. Similarly there was no error in the admission of the proofs of loss, although made after the fire. This ruling is amply supported by the case of *People* v. *O'Neill,* 112 N. Y. 355, 19 N. E. 796.

The accused Fienberg assigned an additional reason of appeal: In denying the accused Fienberg's motion for the dismissal of the information against him; and in admitting the proof of loss and in subsequently refusing to strike it from the record. There was no error in denying these motions, in view of the state of the evidence offered by the State.

Other errors assigned are too inconsequential to require review.

There is no error.

In this opinion the other judges concurred.