STATE OF CONNECTICUT *v.* HENRY CURTIS

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 8—decided April 28, 1959

*Edward G. Burstein,* with whom, on the brief, were *George C. Cravatas* and *Hyman G. Etkind,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, for the appellee (state).

KING, J. The defendant was tried on an information in two counts, each charging a violation of what is now § 53-226 of the 1958 Revision of the General Statutes. He was acquitted on the second count. In this appeal from his conviction on the first count, he has pursued in his brief two basic claims of error. The first count charged "that between the 1st day of April 1957 and the 5th day of September the said

Henry Curtis did receive and take into a building occupied by him at 391 Coleman Street in . . . Bridgeport . . . [a named woman] and did permit her to remain upon said premises for the purpose of lewdness."

The defendant's first basic claim of error is the denial of his motion to make the information more specific by setting forth (a) what specific acts constituted the lewdness alleged, (b) on whom it was practiced, (c) the day when it was practiced, and (d) the time of day when it was practiced. During the argument on the motion, the state's attorney orally disclosed that the acts alleged were perverted and that they were practiced with the named woman. The court denied the motion on the ground that the information sought was "[s]ufficiently set out in [the] information or disclosed by [the] State's Attorney in open court." The defendant makes no claim that his request for items (a) and (b) was not adequately complied with. His complaint is limited to the refusal of the court to order compliance with his request for items (c) and (d). The finding that the defendant was not in fact prejudiced in his defense by the court's ruling is attacked as unwarranted.

The information, on its face, adequately charged the offense. Practice Book §§ 343, 349 (a), (b). The burden of showing that additional particulars were necessary to ensure a fair trial was on the defendant. *State* v. *Lockbaum,* 38 Conn. 400, 403; *State* v. *Moran,* 99 Conn. 115, 117, 121 A. 277; 4 Wharton, Criminal Law & Procedure § 1797, p. 629. He could show that the information failed sufficiently to inform him of the particulars of the offense charged to enable him to prepare his defense. Practice Book § 345 (a). Or he could show that it was otherwise in

the interest of justice that the facts sought should be furnished him. Practice Book § 345 (b). In determining whether and to what extent the motion should be granted, the court had to consider the whole record of the case and the entire course of the proceedings. Practice Book § 345 (b). In the motion itself, the defendant set forth no reasons why the information sought was needed, and the finding discloses no reasons as having been given the court. Indeed, the only real reasons advanced were in this court and were that the defendant "was confronted with the possibility of surprise" and that he "was unable to prepare to establish an alibi." Since the defendant chose not to take the stand himself and not to offer any evidence, nothing occurred during the trial to support his claim that the information sought was needed, although the finding makes it clear that the state made out a prima facie case. *State* v. *DelVecchio,* 145 Conn. 549, 551, 145 A.2d 199. There is nothing to substantiate the claim that the court incorrectly found that the defendant was not prejudiced. Under these circumstances, he failed to show that the action of the court in denying the motion was erroneous, although in view of the span of time covered by the charge in the first count of the information the court might properly have granted the motion.

The second basic claim of the defendant is that to constitute the crime of lewdness the indecent or obscene conduct had to be open. This claim was raised in various requests to charge. The finding discloses that the state offered evidence to prove, and claimed to have proved, that the defendant took or received the woman into his building and then arranged with another man, the prosecuting witness, for him to meet her in a closed room, that this was

done and that the lewdness took place in the room. It was undisputed that the defendant could not and did not see the lewd conduct, nor could any one have seen it except, of course, the woman involved and the prosecuting witness. It is the defendant's claim that the term "lewdness," as used in our statute, should be given its common-law meaning, which involved openness as an essential element. There is support for this claim. 33 Am. Jur. 16, § 2; 2 Wharton, Criminal Law & Procedure § 781, p. 620. But our statute is not a mere prohibition against lewdness. It covers a wide range and prohibits, inter alia, the conduct charged in the information, that is, taking or receiving a woman into a building, and permitting her to remain there, for purposes of lewdness. Therefore, the statutory crime charged here could be committed only in a building, which certainly was not true of the common-law crime of lewdness. Our statute, furthermore, says nothing about "open" lewdness, as did the Massachusetts statute construed in the leading case of *Commonwealth* v. *Wardell,* 128 Mass. 52, 54. On the contrary, our statute defines "lewdness" as including "any indecent or obscene act." Almost 150 years ago a claim similar to the present one was made as to the crime of lascivious carriage. The court held that while the crime could be committed openly in front of an assemblage of persons of different sexes, it might also be committed by exhibiting lascivious carriage or behavior to another unconsenting person of the opposite sex even though no third person could or did see it. *Fowler* v. *State,* 5 Day 81, 85.

The crime charged is not common-law lewdness but the statutory crime of receiving or taking a person, here a woman, into a building and permit-

ting her to remain there for purposes of lewdness. The purpose may be, as it was here, proven by evidence of the activities, while within the building, of the person received or taken into it. As previously noted, the statute defines "lewdness" as including "any indecent or obscene act." In the face of this statutory definition of lewdness, and the further fact that the statute contemplated that the activities should take place indoors, there is no justification for reading into the statute any unexpressed additional requirement of openness.

There is no error.

In this opinion the other judges concurred.