The defendant appeared in the trial court pro se. In his appeal he has assigned error in the failure of the trial court to advise him of his right to counsel and of his right to testify; in denying him a fair trial; in admitting evidence claimed to be hearsay and in concluding upon all the evidence that he was guilty beyond a reasonable doubt.
The pertinent facts can be stated in summary as follows: On February 1, 1962, about 1 a.m., a police officer went to an apartment located in the city of Hartford and occupied by a single woman. From the street no lights were visible in the apartment, which was located on the second floor. The officer entered the building, went to the second floor and knocked on the door of the apartment. After waiting three or four minutes, a woman came to the door and asked who was there. The officer identified himself and, after another three or four minutes had elapsed, the door was unlocked by the woman and the officer was admitted. Upon entering the premises, he observed that the woman was attired in a nightgown. In the kitchen adjacent to the entrance, he observed the defendant, who was fully dressed except for his jacket. The defendant stated he was not married and was there for the purpose of watching television. The television set was located in the bedroom. He further stated he had become tired and had been sleeping on the floor when the officer arrived.
The defendant was arraigned February 1, 1962, bond was set and the case was continued to February 15 for trial. Neither at the arraignment nor at the trial was the defendant advised that he had the right to counsel. *Page 96 
Article first, § 9, of our state constitution has since its adoption in 1818 provided in part as follows: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ." The right to counsel did not exist under the common law. 14 Am. Jur. 883. Our constitutional provision abrogated the common-law practice. 2 Swift, Digest, p. 421 (Rev. 1853). Even though a defendant cannot be deprived of the right to counsel, we have held that the court is under no duty to advise a defendant accused of a misdemeanor of his right to counsel. State v. Florence,23 Conn. Sup. 176, 177. The right to counsel can be waived even in felony cases "if it is waived intelligently, understandingly and in a competent manner."State v. Nash, 149 Conn. 655, 662.
The right to counsel in the federal courts stems from the sixth amendment, implemented by Rule 44 of the federal rules of criminal procedure. However, the due process clause of the fourteenth amendment does apply to convictions of criminal offenders in the state courts. In Betts v. Brady,316 U.S. 455, 473, it was held that the constitution does not guarantee to every person charged with a crime in a state court the right to the assistance of counsel unless the failure results in a conviction lacking in fundamental fairness. In Wojculewicz v.Cummings, 145 Conn. 11, 19, it was held: "A fair trial is implicit in the term `due process of law.' A denial of due process divests the trial court of jurisdiction . . . . The requirements of due process are met in the trial of a person accused of a crime if he has been given the benefit of a fair and impartial trial in accordance with the settled course of judicial proceedings in this state. . . . A fair trial is one conducted in all material things in substantial conformity to law, before an impartial judge . . . in an atmosphere of judicial calm." In McNeal v. Culver, *Page 97 365 U.S. 109, 111, it was held: "`Where the gravity of the crime and other factors — such as age and education of the defendant, the conduct of the court or the prosecution officials, and the complicated nature of the offense charged and the possible defenses thereto — render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair,' the Constitution requires that the accused must have legal assistance at his trial." The instant case presents no considerations of a sort deemed sufficient to require the conclusion that because of lack of counsel it did not measure up to the requirements of the fourteenth amendment.
A defendant in a criminal trial cannot be compelled to give evidence against himself. Conn. Const. Art. I § 9; General Statutes § 54-84. Although an accused is protected by constitutional safeguards from compulsion to testify, he may do so if he elects to assert that right. § 54-84. The election to testify is not a privilege but a right which was not accorded a defendant until comparatively recent times. 2 Swift, Digest, supra, p. 435. "There is ordinarily no positive rule of law which requires a court to apprise a witness of his right not to give self-incriminating evidence, and error cannot be founded on failure to do so." 58 Am. Jur. 69, § 80. In the instant case, the defendant was asked if he wished to testify and he said, "I do." Actually, the defendant's testimony added little to the testimony of the witness for the state.
The defendant assigns error in the admission of certain evidence claimed to be hearsay, such as a statement by the officer that the woman involved was five months pregnant as a result of her prior conduct with the defendant. Even though the defendant had objected to such evidence and had taken exception to its admission, the evidence was harmless, for the defendant on cross-examination admitted *Page 98 
he was the father of her unborn child. This admission was in response to a question by the prosecutor. The question was proper. This is not an instance where evidence of one crime is admitted to prove another; it is a case where evidence of other lewd or lascivious acts committed between the same parties tends to show that an improper relationship existed and is admitted as evidence of the continuation of such relationship. It is admitted as corroborative evidence tending to support the one specific offense for the commission of which the defendant is on trial. See note, 167 A.L.R. 565, 617, and cases cited; 2 Wigmore, Evidence (3d Ed.) p. 272.
Since the defendant claims that the court was not justified in finding him guilty beyond a reasonable doubt, we examine the evidence for the purpose of determining whether upon all the evidence the trial court could have reasonably reached the conclusion that the defendant was guilty beyond a reasonable doubt. It is for the trial court to pass upon the weight and credibility of the evidence and if its conclusion was reasonably reached it must be accepted.State v. Dodez, 120 Conn. 216, 219. A conclusion of guilt requires proof which "precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion."State v. Smith, 138 Conn. 196, 200. "But the requirement of proof beyond a reasonable doubt does not mean that the proof must be beyond a possible doubt, and a possible hypothesis or supposition of innocence is far different from a reasonable supposition."State v. Foord, 142 Conn. 285, 295.
Our statute (§ 53-219) does not in terms define lascivious carriage, because of the "different shades of criminality attending the offense." Fowler v.State, 5 Day 81, 84. Lascivious conduct, because of *Page 99 
the very nature of the crime, is usually committed under circumstances calculated to ensure privacy, and as a result proof thereof is usually circumstantial and indirect. In Zeiner v. Zeiner, 120 Conn. 161, a case involving a graver crime although under circumstances which might obtain in the commission of an offense under the statute here considered, the court said: "It is impossible to give any general rule as to what circumstances will or will not prove adultery, but they must be determined with reference to the facts of each particular case; and, as in the determination of any question of fact, much must depend upon the good sense and sound judgment of the trial court." It was stated in Koa Gora
v. Hawaii, 152 F.2d 933, 936: "[L]ascivious conduct is immorality relating to sexual impurity whether committed publicly or privately, and although common law required the acts which amount to lascivious conduct to be `public,' the common law did not define those acts with any more certainty than do the statutes today. `The sense of decency, propriety and morality which most people entertain' in the community is still the test." See also State v.Dallaire, 23 Conn. Sup. 299.
As there was sufficient basis in the evidence, and in the inferences which the court was warranted in drawing, to support its conclusion, it is not our function to substitute our judgment on the evidence for that of the trial judge.
After a finding of guilty had been made, the prosecutor informed the court that he had information from the state welfare department that the defendant was the father of another child receiving state aid. In State v. Harmon, 147 Conn. 125, 128, the court said: "In passing sentence after an accused has been convicted of a crime, the judge is allowed a wide discretion in the source and types *Page 100 
of evidence used to assist him in fixing the penalty within the limits prescribed by law."
 There is no error.
In this opinion PRUYN and KOSICKI, JS., concurred.