STATE OF CONNECTICUT *v.* STEPHEN F. KALE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-24147

Argued February 2—decided March 20, 1970[1]

*Joseph Mirsky,* of Bridgeport, for the appellant (defendant).

*John P. Evans,* chief prosecuting attorney, for the appellee (state).

CASALE, J.  The finding, with such corrections as were made by the trial court, discloses the following factual account.  On March 25, 1966, the defendant was the owner of a business known as Fisherman's Restaurant, located on Hancock Street in Bridgeport, Connecticut.  At about 12:15 p.m. on that day,

---

[1] Because of the illness of one of the judges hearing the original argument and the retirement of another judge, it was decided that the case should be argued before the present panel.  Technically, this is not a reargument but a second presentation of the original argument, owing to the unfortunate and unforeseeable circumstances mentioned.

two officers of the state police and officers of the Bridgeport police commenced the execution of a search warrant at the restaurant premises. At that time, the defendant was behind the bar attending to customers, and Richard Gosselin was observed standing at the end of the bar writing numbers bets. A search of the person of Gosselin disclosed evidence of bets on numbers; he was thereupon arrested by the officers on a charge of policy playing. During the search of the premises, green press cards were found in a bag at the end of the bar. Green press cards are used by policy players and may be purchased in newspaper stores. The officers also found a slip of paper, with numbers on it, in a loving cup on a shelf. The numbers on that paper were numbers used in policy playing. During the search, slips of paper were also found in the defendant's jacket, which was hanging on a hook in a booth where at least two men were seated. The slips of paper found in the jacket had numbers written on them pertaining to policy playing. There were between ten and twenty-five patrons in the restaurant during the search. The defendant was arrested in the restaurant on a charge of policy playing. The trial court concluded on these facts that the defendant was guilty beyond a reasonable doubt of a violation of § 53-298 of the General Statutes.

In his first assignment of error, the defendant claims the trial court erred in failing to grant his motion for a more particular statement of the offense charged.

The defendant was arrested and arraigned on March 25, 1966, on an information charging that he did commit the crime of policy playing in violation of the statute (§ 53-298). The information was in the short form authorized by § 493 of the Practice Book. The case was continued four times before the

defendant was put to plea on June 9, 1966, at which time he pleaded not guilty and elected trial to the court. The case was reached for trial on October 6, 1966. In the meantime, the defendant did not file any pleadings addressed to the information. Upon the trial, but before evidence was offered, the defendant orally moved that the information be made more particular by specifying on what part of the statute the state was proceeding. Upon objection, the court denied the motion, and the defendant duly excepted.

The motion for a more particular statement should have been made prior to the defendant's plea of not guilty. "Under § 468 of the Practice Book the procedure in civil cases is made applicable, insofar as adaptable, to criminal cases. Pleadings in civil cases are to be filed as set forth in §§ 74 and 75 of the Practice Book. From this it follows that any preliminary motion in a criminal case should be filed prior to a plea of guilty or not guilty, unless the grounds for the motion are not then known to, or reasonably ascertainable by, the accused." *State* v. *Licari*, 153 Conn. 127, 130.

The defendant entered his plea more than two months after his arraignment. He had ample time in which to file the motion before entering his plea. In arguing the motion, the defendant offered nothing more than that he wanted to know what part of the policy statute he was "going to be tried under." He made no claim upon the trial that the denial of the motion would prejudice him in any way. He made no claim upon the trial, or thereafter, of surprise.

Notwithstanding the defendant was late in making the motion, there resided in the court the discretion to grant the motion on a showing that the information failed to inform him of the particulars of the offense sufficiently to enable him to prepare his de-

fense; Practice Book § 495; or that it was in the interest of justice that certain facts not set out in the information should be furnished to him. Practice Book § 496. The burden of showing that certain particulars were necessary to ensure a fair trial was on the defendant. *State* v. *Curtis,* 146 Conn. 365, 367. No showing of either was even attempted by the defendant. The trial court did not abuse its discretion in denying the motion for a more particular statement.

The second assignment of error claims that the court erred in refusing to strike from the finding all references to Gosselin's having been observed writing numbers bets in the defendant's restaurant premises; to policy slips as having been found on his person; and to his arrest for policy playing. The third assignment claims that the court erred in admitting testimony relating to the activities and arrest of Gosselin, since that testimony was incompetent on the issue of the guilt or innocence of the defendant. These two assignments are considered together.

Section 513 of the Practice Book provides that an information—which would include the short-form information authorized by § 493 of the Practice Book —need contain no allegation of "the means by which . . . [the offense] was committed." The result of this rule is, therefore, that a short-form information charging policy playing, as in this case, charges that the offense was committed by any means which the state may prove on the trial. If it appears in evidence that the offense was committed in any one or more ways, then the information must be read as though it alleged that the crime was committed by those means. *State* v. *Davis,* 141 Conn. 319, 320; *State* v. *Mele,* 140 Conn. 398, 402. Under the allegations of the short-form information, evidence that

the crime was committed by the defendant's maintaining a place where the game of policy playing was being carried on by another, as well as by himself, was admissible, and the trial court did not err in admitting evidence relative to the activities of Gosselin in the defendant's restaurant premises, nor in refusing to strike from the finding the reference to Gosselin.

The final assignment claims that the trial court erred in concluding that the defendant was guilty of the crime beyond a reasonable doubt. We have reviewed all of the evidence adduced at the trial. The court's conclusion was supported by ample evidence of the defendant's guilt beyond a reasonable doubt of the crime of policy playing. This assignment is without merit.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.