STATE OF CONNECTICUT *v.* IRVIN BROWN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued May 5—decision released July 5, 1977

*John R. Williams,* special public defender, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J.  The defendant was charged in a four-count information with the crimes of assault in the first degree, attempted assault in the first degree (two counts), and a fourth count of carrying a pistol without a permit, in violation of §§ 53a-59 (a) (1), 53a-49, and 29-35 of the General Statutes, respectively.  After the third count was dismissed by the court, the defendant was found guilty of assault in the second degree on the first count, not guilty of attempted assault in the first degree on the second count, and guilty of carrying a pistol without a permit on the fourth count.  He appealed from the judgment rendered on the verdict, assigning error in the court's rulings on his motions for dismissal and for a bill of particulars, in the court's refusal to charge as requested, and in errors in the charge.  Only those issues which were briefed will be considered.  *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

There was evidence submitted at the trial from which the jury could have found the following facts: The defendant and Ethel Edwards had been keeping company for several years and had two children

from that relationship. In April and May, 1972, that relationship became strained, and they were on the verge of breaking up. On the evening of May 6, 1972, Ethel Edwards went to a club in Milford and did not return home to her mother's apartment until 2 a.m. the next morning. As she entered the apartment building, she noticed that the defendant followed her into the building. She continued into her mother's apartment and went to bed. The defendant also entered the apartment and talked with the mother for some time while Ethel Edwards slept. When she awoke, she found the defendant in her room. A discussion followed wherein she told him that they would not be getting back together. She then got up and moved to the den of the apartment. As she sat down, the defendant exclaimed that if he couldn't have her, nobody else would. He pulled a gun from under his shirt and fired at her, the bullet striking her shoulder. She managed to escape by running out through the kitchen. As she fled, he fired a second shot hitting the stove. He shouted that he would "kill the whole damn family." Meanwhile, the mother ran to her bedroom and locked herself in. After pointing the gun at one of Ethel Edwards' brothers who had unsuccessfully attempted to disarm him, the defendant left the apartment.

The first count of the information charged the defendant with assault in the first degree in violation of General Statutes § 53a-59 (a) (1). Specifically, it alleged that "with intent to cause a serious physical injury to another person [Irvin Brown] did make an assault upon Ethel Edwards, and did cause serious physical injury to said Ethel Edwards by means of a deadly weapon, to wit: a gun." Prior to trial, the defendant filed a motion for a bill of

particulars.[1]  Except for that part that called for the state to specify the date, time and place of each offense charged, the court denied the motion.  The defendant claimed that "[t]he trial court, in denying the 'mode and manner' request [of the motion], made it impossible for either the defendant or the trial judge to know which lesser [included] offenses could properly go to the jury."

"A motion for a bill of particulars is addressed to the sound discretion of the trial court. *United States* v. *Gray,* 464 F.2d 632, 635 (8th Cir.); *Wong Tai* v. *United States,* 273 U.S. 77, 80–81, 47 S. Ct. 300, 71 L. Ed. 545; *State* v. *Beaulieu,* 164 Conn. 620, 624, 325 A.2d 263; *State* v. *DiBella,* 157 Conn. 330, 339, 254 A.2d 477. . . . [A]n abuse of discretion in the denial of a motion for a bill of particulars can be premised only upon a clear and specific showing of prejudice to the defense; *State* v. *Curtis* . . . [146 Conn. 365, 368, 151 A.2d 336]; see *United States* v. *Addonizio,* 451 F.2d 49, 64 (3d Cir.)." *State* v. *Hauck,* 172 Conn. 140, 151, 374 A.2d 150.  The defendant has the burden of showing why the additional particulars were necessary to the preparation of his defense. *State* v. *DiBella,* 157 Conn. 330, 339, 254 A.2d 477; *State* v. *Curtis,* 146 Conn. 365, 367, 151 A.2d 336.  The defendant claims that he was prejudiced by the denial of his bill of particulars in that the court omitted a charge on a lesser included offense to which he would have been entitled had the bill of particulars been granted.

---

[1] "1. State the exact date, time and place of the alleged offense.

2. State the mode and manner by which said offense is alleged to have been committed.

3. Describe the 'serious physical injury' the State claims defendant committed upon Ethel Edwards in the First Count of the Information."

While it is generally improper for the court to instruct the jury about each and every offense that the evidence suggests an accused may have committed in the course of the crime charged; *State v. Cari,* 163 Conn. 174, 183, 303 A.2d 7; *State v. Brown,* 163 Conn. 52, 62, 301 A.2d 547; an exception does exist where a lesser included offense is involved. *State v. Chetcuti,* 173 Conn. 165, 169, 377 A.2d 263. "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime." *State v. Brown,* supra, 61–62. "A corequisite of a lesser-included-offense charge, however, is that there be a rational basis for an acquittal on the offense charged and a conviction on the included offense." *State v. Brown,* supra, 61 n.2; *State v. Pallanck,* 146 Conn. 527, 530, 152 A.2d 633.

In this case, the defendant filed a written request to charge that the jury might find the defendant guilty of assault in the second degree, in violation of General Statutes § 53a-60 (a) (1), (2) or (3),[2] or assault in the third degree in violation of General

---

[2] General Statutes § 53a-60 provides, in relevant part: "ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (3) he recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument . . . ."

Statutes § 53a-61 (a) (1), (2) or (3).[3]  The court refused to charge as requested on all three parts of the statute.  It charged instead on only those lesser included offenses which involved the use of a deadly weapon or dangerous instrument, namely § 53a-60 (a) (2) and (3) and § 53a-61 (a) (3) of the General Statutes.

The first count charged the defendant with the intentional infliction of a serious physical injury on another person by means of a deadly weapon, to wit, a gun.  The bill of particulars, as granted, added only the date, time and place of each of the crimes charged.  Neither the information, the bill of particulars, nor the evidence suggested that the assault occurred in any manner other than by the use of a deadly weapon.  In the absence of any such indication, the trial court did not err in limiting its charge to those parts of the statutes involving the use of a deadly weapon.[4]

---

[3] "[General Statutes] Sec. 53a-61. ASSAULT IN THE THIRD DEGREE: CLASS A MISDEMEANOR.  (a) A person is guilty of assault in the third degree when:  (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.  (b) Assault in the third degree is a class A misdemeanor."

[4] Indeed, the court honored more of the defendant's requests to charge than were warranted by charging on part (a) (3) of § 53a-60 and part (a) (3) of § 53a-61 of the General Statutes.  See *State* v. *Ruiz*, 171 Conn. 264, 272, 368 A.2d 222.  The only offense alleged in the information was intentional first degree assault in violation of § 53a-59 (a) (1).  "To violate that section, it is not necessary to act either recklessly or with criminal negligence, and, therefore, second degree assault by recklessness and third degree assault by . . . criminal negligence were not lesser included offenses." *State* v. *Ruiz*, supra.

The defendant was found guilty on the fourth count of carrying a pistol without a permit in violation of § 29-35 of the General Statutes. The court denied the defendant's motion for a directed verdict and his motion to set aside the verdict, each of which claimed that the state had failed to prove its case beyond a reasonable doubt. Section 29-35 makes illegal the carrying of any pistol or revolver, except in certain specified circumstances, without a permit. Section 29-27 of the General Statutes defines a "pistol" or "revolver" as "any firearm having a barrel less than twelve inches in length." That definition of pistol and revolver is specifically applicable to § 29-35, the statute under which the defendant was convicted.

It is fundamental that the state has the burden of proving all the necessary elements of a crime beyond a reasonable doubt. *State* v. *Hernandez,* 154 Conn. 698, 229 A.2d 30; *State* v. *Reid,* 154 Conn. 37, 40, 221 A.2d 258; see *State* v. *Kelsey,* 160 Conn. 551, 553, 274 A.2d 151. One of the necessary elements was that the weapon involved was within the restricted class of firearms. The state failed to introduce any evidence upon which the jury could find that the barrel of the firearm was in fact less than twelve inches in length. We are constrained to conclude that the evidence was insufficient to establish by proof beyond a reasonable doubt that the firearm in question had a barrel less than twelve inches in length.[5]

[5] The state claimed that the following evidence was sufficient: Ethel Edwards testified that "the defendant pulled the gun out from under his shirt." Arline Edwards "described the gun as a short one,

There is no error as to the first count. There is error as to the fourth count, the judgment as to it is set aside, and the case is remanded with direction to enter a judgment that the defendant is not guilty as to that count.

In this opinion the other judges concurred.

which 'didn't have a long barrel.'" Officer James McDonald, a ballistics expert, testified that the bullets were " 'most likely' fired from a Baretta semi-automatic handgun." The pistol was not in evidence.