STATE OF CONNECTICUT *v.* CHARLES ROOS
(9990)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued October 7—decision released December 14, 1982

*Jon C. Blue,* assistant public defender, with whom, on the brief, were *Jerrold H. Barnett,* public defender, and *Suzanne Zitser,* assistant public defender, for the appellant (defendant).

*Raymond J. Doyle, Jr.,* assistant state's attorney, with whom, on the brief, was *Walter D. Flanagan,* state's attorney, for the appellee (state).

---

[11] Practice Book, 1963, § 2280, now Practice Book, 1978, § 869.

PER CURIAM. The defendant, Charles Roos, was tried before a jury on a charge of sexual assault in the second degree[1] and found guilty. The sole issue on appeal is whether the trial court erred in its charge to the jury by instructing them that they should consider the defendant's interest in the outcome of the case when weighing his credibility as a witness. The defendant duly excepted during trial and claims on appeal that this portion of the charge was inconsistent with the presumption of innocence and denied him his right to due process of law.

The defendant's claim of error is utterly without merit. " 'The rule is well settled in this state that the court may advise the jury that in weighing the credibility of an accused's testimony they can consider his interest in the outcome of the trial.' *State* v. *Guthridge,* 164 Conn. 145, 151, 318 A.2d 87 (1972), cert. denied, 410 U.S. 988, 93 S. Ct. 1519, 36 L. Ed. 2d 186 (1973)." *State* v. *Maselli,* 182 Conn. 66, 74, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 868, 66 L. Ed. 2d 807 (1981). We have repeatedly considered and rejected this constitutional claim. *State* v. *Avcollie,* 188 Conn. 626, 636–37, 453 A.2d 418 (1982), and cases cited.

There is no error.

---

[1] General Statutes § 53a-71 (a) (1).