## STATE OF CONNECTICUT *v.* RONALD FRAZIER
### (10579)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued May 9—decision released August 14, 1984

*Kenneth Rosenthal,* assistant public defender, for the appellant (defendant).

*James G. Clark,* deputy assistant state's attorney, with whom, on the brief, were *John J. Kelly,* state's attorney, and *Carl Schuman,* assistant state's attorney, for the appellee (state).

GRILLO, J. The defendant, Ronald Frazier, was arrested on August 14, 1978, and charged under a short form information with five counts each of larceny in the third degree, forgery in the third degree and criminal impersonation, and one count of attempted larceny in violation of General Statutes §§ 53a-124, 53a-140, 53a-130 and 53a-49.[1] He was subsequently convicted at trial on all sixteen counts. On appeal, the defendant claims the trial court erred in: (1) denying his request for a bill of particulars, (2) denying his motion to dismiss based on multiplicity of charges, (3) improperly instructing the jury on his interest in the outcome of the case, and (4) denying his request for recordation

---

[1] A bill of particulars filed by the state further specified the statutory subsections under which the defendant was charged.

General Statutes § 53a-124 states in part: "LARCENY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of larceny in the third degree when he commits larceny as defined in section 53a-119 and: (1) The value of the property or service exceeds one thousand dollars . . . ."

"[General Statutes] Sec. 53a-140. FORGERY IN THE THIRD DEGREE: CLASS B MISDEMEANOR. (a) A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, or issues or possesses any written instrument which he knows to be forged."

General Statutes § 53a-130 states in part: "CRIMINAL IMPERSONATION: CLASS B MISDEMEANOR. (a) A person is guilty of criminal impersonation when he: (1) Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another . . . ."

General Statutes § 53a-49 states in part: "CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

of closing arguments. Because we find error in the trial court's refusal to order recordation of final arguments, we reverse and remand for a new trial.[2]

The jury could reasonably have found the following facts: On January 31, February 3, February 4, February 6, and February 9, 1978, a black male wearing a green, hooded sweatshirt and driving a green Buick approached bank teller Carol Malone at the drive-up window of the Milford office of The Connecticut Bank and Trust (CBT). On each occasion, the suspect cashed a check payable to Nathan Lawrence and deposited $25 into Lawrence's account. The suspect retained $175 on the first transaction and $275 on each of the four succeeding transactions. On February 10, the suspect attempted to conduct a sixth transaction at the Milford CBT. Malone, who by this time had become aware that the previous transactions were unauthorized, left the teller's window to alert police. When she returned, the suspect was gone. Several months later, Malone identified the defendant, Ronald Frazier, from a photographic display. On the basis of this identification, the police arrested the defendant on a warrant on August 14, 1978.

The defendant raises as his first claim of error the trial court's failure to grant his motion for a bill of particulars. He argues that, as a result of the court's action, he was inadequately apprised of the nature of the charges against him, and was thus unable to prepare a proper defense at trial. We find, for the reasons stated below, that the trial court's denial of a "mode and manner" bill of particulars does not constitute reversible error.

---

[2] Our conclusion that General Statutes § 51-61 provides a right to record closing arguments upon request is dispositive of the case. It is therefore unnecessary for us to address the defendant's claim of failure to dismiss the jury panel.

The accused in a criminal proceeding has the right "to be informed of the nature and cause of the accusation[s] . . . against him." U.S. Const., amend. VI; Conn. Const., art. I § 8. In the present case, the defendant was charged by means of a short form information pursuant to Practice Book § 618. The information contained, as required, a statement of the offense charged, a citation to the statute, the defendant's name, the geographical location of the crime, and a statement that the crime was committed on or about a particular date. A short form information gives a defendant only minimal data on the alleged criminal activity and is permitted by this court because of our recognition that a defendant has "the opportunity to obtain the information to which he [is] constitutionally entitled by requesting a bill of particulars." *State* v. *Carbone,* 172 Conn. 242, 258, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977); *State* v. *Davis,* 141 Conn. 319, 321, 106 A.2d 159 (1954).

"The function of the bill of particulars . . . is to enable the defendant to obtain a more precise statement of the offense charged in the information in order to prepare a defense." See *State* v. *Troynack,* 174 Conn. 89, 96, 384 A.2d 326 (1977); *State* v. *Coleman,* 167 Conn. 260, 265, 355 A.2d 11 (1974); *State* v. *Brown,* 163 Conn. 52, 61, 301 A.2d 547 (1972). The defendant bears the burden of requesting a bill of particulars; see *State* v. *Sumner,* 178 Conn. 163, 167, 422 A.2d 299 (1979); *State* v. *Carbone,* supra, 258; Practice Book § 831; although a judge may, upon his own motion, order that such a bill be furnished. Practice Book § 831. The denial of a motion for a bill of particulars is within the sound discretion of the trial court and will be overturned only upon a clear showing of prejudice to the defendant. *State* v. *Brown,* 173 Conn. 254, 257, 377 A.2d 268 (1977). Proof that the denial impeded preparation of a trial defense will satisfy this standard. See

*State* v. *Brown,* 163 Conn. 52, 61, 301 A.2d 547 (1972); *State* v. *DiBella,* 157 Conn. 330, 339, 254 A.2d 477 (1968); *State* v. *Curtis,* 146 Conn. 365, 367, 151 A.2d 336 (1959).

The defendant's motion for a bill of particulars was granted in part by the trial court, and the state in response furnished supplementary information of the statutory subsections under which the defendant was charged. The court denied the defendant's request that the state provide "mode and manner" information of the crimes charged. The defendant contends that the court's refusal to grant particularized information adversely affected his ability to prepare a trial defense and interfered with the process of jury deliberation. The defendant's claim must fail for lack of a clear showing of prejudice. On the basis of the evidence presented, it appears that the defendant had at his disposal numerous materials from which to gather the information necessary to his trial defense, including the state's file, the police reports, and the forged checks. In our view, it is unlikely that the defendant could not discern from these sources the nature of the offense and the conduct charged. Under such circumstances, we are unable to conclude that the trial court abused its discretion in denying the defendant a "mode and manner" bill of particulars.

The defendant's second claim of error concerning multiplicity of charges is similarly unsustainable. Multiplicity is defined as "the charging of a single offense in several counts" that leads to multiple punishments for the same offense. 2 Wright, Federal Practice and Procedure § 142; see *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 526 n.3, 418 A.2d 883 (1979). The rule against multiplicity prohibits "multiple punishment for an act which is, in law, but a single, criminal occurrence." *Brazo* v. *Real Estate Commission,* supra. The fifth amendment double jeopardy clause bars imposi-

tion of multiple punishments for the same offense at trial. *State* v. *Goldson,* 178 Conn. 422, 423–24, 423 A.2d 114 (1979); *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). In *Missouri* v. *Hunter,* 459 U.S. 359, 364, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983), the Supreme Court explained the nature of the double jeopardy clause's protection against multiple punishments: "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment *than the legislature intended.*" (Emphasis added.) In *Blockburger* v. *United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the Supreme Court established the test later adopted by this court to determine whether double jeopardy attaches: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* supra, 304; see *State* v. *Goldson,* supra. An analysis of the *Blockburger* test involves a threshold determination of whether the offenses arose out of the "same act or transaction," and a substantive analysis of whether they contain distinct elements. *State* v. *Goldson,* supra, 424.

The state in this case concedes that each group of offenses, separated into five, three-count segments of larceny, forgery, and criminal impersonation, arose from the same transaction. With this preliminary finding satisfied, it becomes clear from a reading of the applicable statutes that each of the crimes charged requires proof of at least one element that the others do not. A person is guilty of forgery in the third degree, § 53a-140 (a), when he "issues or possesses any written instrument which he knows to be forged." The criminal impersonation statute, § 53a-130 (a) (1), is violated when an individual impersonates another and does

an act "in such assumed character with [the] intent to obtain a benefit or to injure or defraud another." To establish larceny, § 53a-119 (2), there must be proof that property was obtained by "false token, pretense or device . . . with intent to defraud [the owner] or any other person." The act of impersonating with the requisite intent constitutes criminal impersonation, whereas larceny requires, in addition to "false . . . pretense," that the property be "obtained." Under *Blockburger,* these crimes are clearly distinct offenses. Charging the defendant with all three crimes for each transaction did not violate the constitutional sanction against double jeopardy. Thus, the defendant's multiplicity claim must also fail.

The defendant next asserts that the trial court improperly instructed the jury on the defendant's interest in the outcome of the case. We have repeatedly considered and rejected this constitutional claim and again find it to be totally without merit. *State* v. *Roos,* 188 Conn. 644, 645, 452 A.2d 1163 (1982); *State* v. *Avcollie,* 188 Conn. 626, 636–38, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983).

The defendant's final claim of error is the denial of his motion to have closing arguments recorded. The defendant contends that because prejudicial statements allegedly made by the state during its closing remarks were not placed on the record and preserved for appeal, the defendant was denied a fair trial. We agree and find as a matter of statutory interpretation that the defendant was entitled, upon request, to recordation of final arguments. We therefore reverse and remand for a new trial.

Connecticut law presently requires a court reporter to "make accurate records of all proceedings in the court, except the arguments of counsel . . . ." Gen-

eral Statutes § 51-61.[3] This court recently took judicial notice of the practice used in Connecticut trial courts to preserve closing arguments. *State* v. *Vitale,* 190 Conn. 219, 226, 460 A.2d 961 (1983). "[T]he court reporter remains in attendance during argument, prepared to record any objection or interruption which may occur in the course thereof, but does not record the remarks of counsel unless so directed by the court." *State* v. *Vitale,* supra. A party must request that closing arguments be recorded. *State* v. *Vitale,* supra. We can discern no logical reason why, in most instances, recordation would be denied.

The trial court in the present case refused the defendant's request for recordation. This left the defendant with no alternative course of action but to object to portions of the state's closing remarks and to have the objections noted for the record. These objections, however, are of no use to either the defendant or a reviewing court without a transcript of the remarks that surrounded the objections. A full record of trial proceedings must be provided to counsel on appeal so proper review can be made to determine if error exists. *Hardy* v. *United States,* 375 U.S. 277, 279–80, 84 S. Ct. 424, 11 L. Ed. 2d 331 (1964). "Anything short of a complete transcript is incompatible with effective appellate advocacy." *Hardy* v. *United States,* supra, 288 (Goldberg, J., concurring). General Statutes § 51-61 mandates automatic recordation of all trial proceedings, except arguments of counsel. The statute contains no language prohibiting recordation of arguments of counsel. We construe the statute, therefore, as providing any party, upon request, with the affirmative right to have closing arguments recorded.

[3] General Statutes § 51-61 was amended on April 3, 1984, as follows: "[The] court reporter . . . shall . . . upon the request of any party . . . make accurate records of the arguments of counsel." Public Acts 1984, No. 84-23. This statute becomes effective in October, 1984.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.