STATE OF CONNECTICUT *v.* MEYER LIEBOWITZ
(2740)
(2741)

BORDEN, DALY and BIELUCH, Js.

Submitted on briefs February 7—decision released May 20, 1986

*John R. Williams, Sue L. Wise* and *Barbara Goren* filed a brief for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, *Arnold Markle,* state's attorney, and *Patrick J. Clifford,* assistant state's attorney, filed a brief for the appellee (state).

BORDEN, J. The defendant appeals from a judgment of conviction, following a jury trial, of illegal distribution of cocaine in violation of General Statutes (Rev. to 1979) § 19-480 (a), and illegal possession of cocaine in violation of General Statutes (Rev. to 1979) § 19-481 (a).[1] The issues raised on appeal may be categorized as follows: (1) whether General Statutes (Rev. to 1979) § 19-481 (a) is void for vagueness and thus unconstitutional; (2) whether the trial court erred in its instructions to the jury; and (3) whether the trial court erred by denying in part the defendant's motions for a bill of particulars. The latter issue is the only claim which is not raised under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). We find no error.

We first address whether the defendant's *Evans* claims qualify for review. In this regard, the determinative issue is whether "the record adequately supports a claim that [the defendant] has clearly been deprived of a fundamental constitutional right and a fair trial."

[1] In 1983, General Statutes (Rev. to 1981) § 19-480 was transferred to General Statutes § 21a-277, and General Statutes (Rev. to 1979) § 19-481 was transferred to General Statutes § 21a-279.

Id., 70. For this purpose it is necessary to set forth the pertinent aspects of the record upon which each of the defendant's *Evans* claims is based.

## I

VAGUENESS OF GENERAL STATUTES § 19-481 (a)

The defendant, a licensed physician, claims that General Statutes (Rev. to 1979) § 19-481 (a),[2] which prohibits illegal possession of cocaine by any person "except as authorized in this chapter," is unconstitutionally vague. In essence, the defendant challenges, for the first time on appeal, the constitutionality of the statutory authorization clause. Although the state concedes that this claim sufficiently implicates a fundamental constitutional right and, therefore, qualifies for review under *Evans,* we decline to review this claim. See *State* v. *Cosby,* 6 Conn. App. 164, 166, 504 A.2d 1071 (1986) (state's concession of reviewability under *Evans* is not binding upon this court).

There is no question that a vagueness challenge raises an issue of fundamental constitutional dimension. See *State* v. *Pickering,* 180 Conn. 54, 59–60, 428 A.2d 322 (1980). For purposes of an *Evans* review, however, it is also necessary that the record *"adequately* supports [the] claim that [this defendant] has *clearly* been deprived of [that] fundamental constitutional right . . . ." (Emphasis added.) *State* v. *Evans, supra.*

---

[2] General Statutes (Rev. to 1979) § 19-481 (a) provides: "Any person who possesses or has under his control any quantity of any narcotic substance, *except as authorized in this chapter,* for a first offense, may be imprisoned not more than seven years or be fined not more than three thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than five thousand dollars, or be both fined and imprisoned; and for any subsequent offense may be imprisoned not more than twenty-five years, or be fined not more than ten thousand dollars, or be both fined and imprisoned." (Emphasis added.)

The record indicates that the defendant maintained his professional offices in West Haven in a building where he also maintained a basement apartment. On January 24, 1980, a team of police officers affiliated with the statewide narcotics task force, and three drug control agents from the state department of consumer protection, executed at these premises arrest and search warrants, which had been obtained as a result of a prior investigation of the defendant during which he gave cocaine to an undercover police officer. Pursuant to the arrest warrant, the officers first arrested the defendant for illegal distribution of cocaine. Pursuant to that arrest and to the search warrant, the officers then searched the defendant, his offices and the basement apartment. In the defendant's pants pocket they found a glass vial containing a white powder. In his wallet they found a folded piece of "pyramid" paper, which is commonly used by street vendors to package drugs and which contained a small quantity of white powder. In the defendant's desk drawer they also found a plastic bag containing a white powder residue. The powder and the residue contained cocaine. The search of the defendant's basement apartment also yielded other drug paraphernalia. As a result of these searches, the defendant was also arrested for illegal possession of cocaine in violation of General Statutes (Rev. to 1979) § 19-481 (a).[3]

The record also indicates that at trial, in defense to the charge of illegal possession of cocaine, the defendant testified that one of his medical patients had found the vial in his daughter's apartment, and gave it to the

---

[3] The original information, which charged the defendant with illegal possession of cocaine, was based on the evidence of the drug paraphernalia in addition to the other evidence seized. It was amended at the end of the trial to exclude from the allegation of illegal possession any reference to the evidence of drug paraphernalia which was seized from the basement apartment.

defendant to be tested for what the patient suspected to be a narcotic substance. The defendant claimed, however, that he had no specific knowledge of the nature of the vial's contents. With regard to the cocaine found in his wallet and desk, the defendant's testimony essentially was that he was in possession of the cocaine as an incident to his medical practice. On cross-examination, however, he acknowledged that since 1973 he had not obtained any cocaine by the means legally required of a physician for use in his medical practice. That legally authorized means of obtaining cocaine consists of filling out the requisite order forms and submitting them, with appropriate copies, to the proper regulatory agencies. The defendant claimed that this process was too time consuming. Instead, he testified that he obtained possession of the cocaine from his patients for whom he had originally prescribed its use.

In contrast to the defenses raised at trial, the defendant now claims that General Statutes (Rev. to 1979) § 19-460 (a) (now § 21a-252 [a]), which authorizes "[a] physician, in good faith and in the course of his medical practice only, [to] prescribe, administer and dispense [cocaine]," is ambiguous and thus unconstitutionally vague. In this regard, he claims that, because General Statutes (Rev. to 1979) § 19-481 (a) necessarily refers to § 19-460 as a basis upon which possession of cocaine may be authorized, § 19-481 (a) is unconstitutionally vague to the extent that § 19-460 is found to be vague. He specifically claims that the standard of conduct to which he is held under General Statutes (Rev. to 1979) § 19-460 is ambiguous because it can be construed as a subjective, "good faith" standard, an objective "medical practice" standard, or as some combination of the two. This record, however, does not provide an adequate basis upon which to review this claim.

The record does not indicate that the defendant ever made any explicit reference to any standard set forth

in General Statutes (Rev. to 1979) § 19-460 as the applicable statutory basis for his defense to the charge of illegal possession of cocaine under General Statutes (Rev. to 1979) § 19-481 (a). See *State* v. *Thompson,* 197 Conn. 67, 76–77 n.6, 495 A.2d 1054 (1985) (no *Evans* review of vagueness challenge where record revealed defendant failed to raise issue in trial court regarding questionable statutory standard). Nevertheless, the defendant now argues that the record of his testimony with respect to his alleged authorized possession of the cocaine in his wallet and desk drawer, when viewed apart from the balance of the record as a whole, suffices for *Evans* purposes to support our review of the vagueness claim. We will not, however, completely disregard those aspects of the record which clearly provide an adequate and independent factual basis for the defendant's conviction of illegal possession of cocaine, in violation of General Statutes (Rev. to 1979) § 19-481 (a), merely because other aspects of the record arguably support an *Evans* review of a previously unchallenged portion of that statute. Cf. *State* v. *Jacobowitz,* 194 Conn. 408, 415, 480 A.2d 557 (1984) (evidence viewed in light most favorable to sustaining jury verdict).

In this regard, we note that the defendant did not raise his statutory authorization as a defense to illegal possession of the cocaine in the vial. Instead, he denied specific knowledge of the vial's contents. Because the jury could reasonably have convicted the defendant of illegal possession of the vial of cocaine under General Statutes (Rev. to 1979) § 19-481 (a), without any reference to or reliance upon the statutory authorization clause which is challenged for the first time on appeal, we conclude that the record does not adequately support our review of the present claim.[4]

---

[4] In some situations, it may be possible to assert a vagueness challenge to the facial validity of a statute; cf. *State* v. *Pickering,* 180 Conn. 54, 57–58 n.3, 61–62 n.4, 428 A.2d 322 (1980); "even though [the defendant's] own

## II

### JURY INSTRUCTION

The defendant has raised three claims of instructional error under *State* v. *Evans,* supra. The first claim, which pertains to the trial court's alleged failure to instruct the jury regarding the intent which must accompany unauthorized possession of cocaine, explicitly assumes that this court has reviewed the vagueness issue. Because the vagueness issue is not properly reviewable, this claim of instructional error also fails to command review.[5]

The defendant also claims that the trial court erred by failing properly to instruct the jury regarding the statutory authorization to possess and to distribute cocaine, pursuant to General Statutes (Rev. to 1979) §§ 19-480 (a)[6] and 19-481 (a) respectively. In particu-

conduct may clearly fall within the statute's proscriptions." Id., 57–58 n.3. The situation in the present case, however, involves a challenge to the validity of these statutes as applied to this defendant. Thus, the determination of whether the record adequately supports this claim for purposes of an *Evans* review necessarily involves a careful examination of the factual basis of the claim.

[5] It is noteworthy that the trial court did instruct the jury, essentially as requested by the defendant, that in order to convict the defendant of illegal possession of cocaine, the state was required to prove beyond a reasonable doubt that the defendant knowingly possessed cocaine. The claim, which the defendant now raises for the first time on appeal, pertains to refinements of those instructions which were allegedly required in order to remedy the alleged vagueness of the statute.

[6] General Statutes (Rev. to 1979) § 19-480 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance *except as authorized in this chapter,* for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned." (Emphasis added.)

lar, he claims that because the authorization exception is an essential element of these offenses, he was denied due process of law by the trial court's misstatement of the law in its charge regarding this element. Cf. *State* v. *Gabriel,* 192 Conn. 405, 413–14, 473 A.2d 300 (1984) (erroneous instruction regarding essential element of charged offense violative of due process). This argument is without merit.

General Statutes § 21a-269, formerly § 19-474,[7] provides, in pertinent part, that "[i]n any complaint, information or indictment . . . brought for the enforcement of any provision of this part, it shall not be necessary to negative any exception, excuse, proviso or exemption contained in said section, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant." This statute has been construed to mean that a statutory exception, such as the exception involved in the present case, is *not* an essential element of the offense unless and until the defendant has introduced "substantial evidence" of the applicability of the exception to him. *State* v. *Januszewski,* 182 Conn. 142, 164–65, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981), quoting *State* v. *Brown,* 163 Conn. 52, 66–67, 301 A.2d 547 (1972). Once he has done so, "the burden then devolves upon the state to prove the nonapplicability of the exception, as with all other *essential elements* in the case, beyond a reasonable doubt." (Emphasis added.) *State* v. *Januszewski,* supra. Therefore, before these claims of error in the trial court's instructions regarding the essential element of authorization to possess or to distribute cocaine may be reviewed under *Evans,* it is necessary that the record adequately support the claim; *State* v. *Evans,* supra;

---

[7] The pertinent chapter of the General Statutes is now chapter 420b. See footnote 1, supra.

that substantial evidence was introduced by the defendant which indicated the applicability of the exception to his case. *State* v. *Januszewski,* supra.

With regard to the charge of illegal distribution of cocaine, the defendant merely denied the allegations upon which the information was based. The only evidence presented by the defense which could be construed as raising an issue regarding authorization to distribute was the evidence of the defendant's status as a physician. This evidence alone, however, does not rise to the level of substantial evidence which is necessary to establish that the statutory exception is an essential element of this offense. Id. See *United States* v. *Moore,* 423 U.S. 122, 131–33, 96 S. Ct. 335, 46 L. Ed. 2d 333 (1975) (status alone does not exempt physician from federal prosecution for illegal distribution of narcotics). Thus, because of these inadequacies in the record, we decline to review the claimed error in the trial court's instructions regarding the authorization clause in General Statutes § 19-480 (a). See *State* v. *Evans,* supra, 71; see also *State* v. *Brown,* 163 Conn. 52, 67, 301 A.2d 547 (1972) (no error to omit a charge on statutory license exemption where evidence silent on issue).

The record with regard to the trial court's instructions on the defendant's authorization to possess cocaine presents a slightly different issue from the standpoint of an *Evans* review than it does with regard to those issues which have thus far been discussed. On the one hand, the record reveals that the defendant testified that he obtained possession of the cocaine in his wallet and desk drawer from his patients. Thus, in contrast to the defense of denial to the charge of illegal distribution, the defendant did raise the defense of authorization to the charge of illegal possession of cocaine. Nevertheless, our review of this record raises some doubt regarding whether this evidence, namely,

the defendant's testimony alone, rises to the level of "substantial evidence" which would entitle the defendant to an instruction that the state must prove beyond a reasonable doubt that his possession was not authorized. See General Statutes § 21a-269, supra; *State* v. *Januszewski,* supra. In addition, while the record indicates that the defendant did file a request to charge regarding authorization to possess cocaine and that he excepted to a portion of the charge as given, the request and the exception were based on grounds which were different from the grounds now raised on appeal. See *State* v. *Burke,* 182 Conn. 330, 331–32, 438 A.2d 93 (1980).

On the other hand, our review of the record also reveals that the trial court apparently concluded that the defendant had introduced sufficient evidence of authorization to possess the cocaine in his wallet and desk drawer, since the court did, in fact, instruct the jury that lack of authorization was an essential element of the offense which the state must prove beyond a reasonable doubt. In addition, the state has not preserved, in its preliminary statement of the issues, a claim that this conclusion of the trial court constitutes an adverse ruling which should be reviewed on appeal as an alternate ground upon which the trial court's decision may be affirmed. See Practice Book § 3012 (a). Therefore, under these circumstances, we will adopt the conclusion of the trial court that sufficient evidence was presented to shift the burden to the state to prove that the defendant was not authorized to possess the cocaine in his wallet and desk drawer, and we will review the defendant's claim of error. See *Travelers Ins. Co.* v. *Hendrickson,* 1 Conn. App. 409, 411 n.3, 472 A.2d 356 (1984) (appellate court decides issues based on theory upon which those issues tried and decided). Our review, however, will be restricted to the specific facts of this case. *State* v. *Burke,* supra, 332 n.3.

" 'In cases involving claimed error in the judge's charge to the jury, the ultimate issue is whether it was reasonably possible that the jury was misled'; *State* v. *Lopez,* [5 Conn. App. 599, 603, 502 A.2d 418 (1985), cert. denied, 199 Conn. 803, 506 A.2d 146 (1986)]; 'into misunderstanding an issue that has fundamental constitutional significance.' *State* v. *Torrence,* 196 Conn. 430, 436, 493 A.2d 865 (1985)." *State* v. *Grant,* 6 Conn. App. 24, 27, 502 A.2d 945 (1986).

The defendant claims specifically that the trial court erred in charging the jury on the provisions of chapter 359 of the General Statutes, which authorize possession of cocaine by a physician. This claim may be broken down into three component parts: (1) that the trial court erred by merely reading or paraphrasing numerous statutory provisions without further explaining the standard, under General Statutes (Rev. to 1979) § 19-460, by which the defendant's conduct was to be assessed; (2) that the trial court erred by failing to include General Statutes (Rev. to 1979) §§ 19-464 and 19-465 in its instructions; and (3) that the trial court's inclusion of various subsections of General Statutes (Rev. to 1979) § 19-461 rendered these instructions misleading. We disagree.

The defendant first claims that he was entitled to an instruction, pursuant to General Statutes (Rev. to 1979) § 19-460, that if he believed in good faith that the possession of cocaine in his wallet and desk drawer was authorized, then he was to be acquitted of illegal possession. This claim is without merit.

The standard in General Statutes (Rev. to 1979) § 19-460, which pertains to this defendant, is that his possession is authorized if it is "in good faith *and* in the course of his professional practice *only.*" (Emphasis added.) See General Statutes (Rev. to 1979) § 19-460. This language is clear and unambiguous. It is not rea-

sonably possible that the jury was misled when the trial court read the statutory language without explaining its meaning further. *State* v. *Lopez,* supra, 605. The defendant's claim on appeal is erroneously based on a self-serving reading of merely a portion of this statutory language.

The defendant's claim that the trial court erred by failing to include General Statutes (Rev. to 1979) § 19-464 in its instructions is equally devoid of merit. That statute pertains to the container in which a prescribed controlled substance may be stored by a person who receives the prescription from an authorized person, such as a physician. It has no applicability whatsoever to this defendant's case.

The defendant's claim regarding the trial court's failure additionally to instruct the jury with regard to the provisions of General Statutes (Rev. to 1979) § 19-465 finds only minimal support in the record. General Statutes (Rev. to 1979) § 19-465, entitled "Exceptions concerning possession and control," in pertinent part authorizes "temporary incidental possession by employees *or agents of persons lawfully entitled to possession* . . . ." (Emphasis added.) The defendant claims that this section pertains to him because he could have been considered to have possessed the cocaine as an agent of the patient or patients for whom it was originally prescribed by him. In response, the state argues that the defendant cannot legitimately be considered as an agent of his own patient within the meaning of this statute. In this regard, the state contends that if this defendant were deemed to be authorized to possess cocaine by this means, then the entire statutory and regulatory scheme would be frustrated. According to the state, those persons with the greatest access to controlled substances, namely, physicians, whose possession of such substances is closely regulated, would be able to divert illegal drugs into unauthorized

channels by avoiding the regulatory scheme in the first instance. See *United States* v. *Moore,* supra, 135.

Even if we assume that the defendant's rather far-fetched defense was sufficiently raised at trial to warrant an instruction pursuant to General Statutes (Rev. to 1979) § 19-465, it is, nevertheless, clear that it was not reasonably possible that the jury was misled by the trial court's failure to add this statutory provision to its charge. The trial court instructed the jury that, inter alia, the defendant was entitled to an acquittal if they found that he possessed the cocaine "in good faith and in the course of his professional practice only." A reasonable jury hearing this instruction within the context of the entire charge; *State* v. *Lopez,* supra, 605; would naturally assume that the defendant's possession of cocaine on behalf of a patient for whom it had been prescribed, was possession "in the course of his medical practice." Whether the defendant possessed the cocaine "in the course of his medical practice *only*" was a matter of credibility of the defendant's testimony. The trial court's instructions as a whole adequately apprised the jury of the legal grounds upon which they might find the defendant's conduct to be authorized. The defendant cannot be heard to complain regarding this instruction. "The jury did not believe him." *United States* v. *Moore,* supra, 143.

Finally, there is no merit to the defendant's alternative claim that the trial court included too many statutory provisions in its charge to the jury, and thereby confused the jury. The record indicates that the trial court did not merely recite *verbatim* every relevant statutory provision. To the contrary, the court read certain sections and paraphrased other sections in delivering its charge. It is not reasonably possible that the jury was misled thereby.

## III

### MOTIONS FOR BILL OF PARTICULARS

The sole claim which was properly preserved for review on this appeal is the question of whether the trial court erred by denying in part the defendant's pretrial motions for a bill of particulars. The defendant's first motion for a bill of particulars requested that the state be required to specify: (1) all of the offenses with which the defendant was charged, and their statutory citations; (2) which specific conduct, in the language of the statute, the defendant was alleged to have committed; (3) the alleged acts which constituted the commission of the offenses; (4) the precise dates and time of the alleged commission of the offenses; and (5) the precise place where the offenses were committed. The trial court denied only the third request and granted the other four, limiting the fourth to the approximate time and the fifth to the approximate place. Thereafter, the state filed a bill of particulars which complied with the trial court's order. The defendant subsequently moved for a second bill of particulars requesting the precise amount and by what means of conveyance the defendant allegedly distributed cocaine to the undercover officer. This motion was denied. On appeal, the defendant claims that the trial court's rulings deprived him of the opportunity to prepare a defense strategy. We disagree.

" 'The function of the bill of particulars . . . is to enable the defendant to obtain a more precise statement of the offense charged in the information in order to prepare a defense.' " *State* v. *Frazier,* 194 Conn. 233, 236, 478 A.2d 1013 (1984). The denial of a motion for a bill of particulars is within the trial court's discretion and will only be overturned upon a clear showing of prejudice to the defendant. Id. The defendant

has not made a clear showing of prejudice resulting from the trial court's partial denial of his motions.

The record indicates that the defendant was adequately informed of the specific offenses for which he was charged in the specific language of the statutes. He was informed of the dates, time and places where the offenses allegedly occurred. He was provided also with the identity of the informant, and he was permitted to examine and independently test the cocaine that he allegedly gave to the undercover police officer. The defendant fails to state how he was prejudiced by the denial of information regarding the precise weight of the cocaine and the manner in which he allegedly gave it to the officer. The statutes under which the defendant was charged, namely General Statutes (Rev. to 1979) §§ 19-480 (a) and 19-481 (a), do not require proof of distribution or possession of any specific or minimal quantity of cocaine. Likewise, information regarding the specific manner of conveyance, while arguably relevant to illegal distribution of cocaine, was not an integral aspect of these offenses, the unavailability of which would deprive the defendant of an opportunity to prepare a defense. "In our view, it is unlikely that the defendant could not discern from these sources the nature of the offense and the conduct charged. Under such circumstances, we are unable to conclude that the trial court abused its discretion in denying the defendant a 'mode and manner' bill of particulars." *State* v. *Frazier*, supra, 237.

There is no error.

In this opinion the other judges concurred.