[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9306
In his petition, it is alleged that on April 23, 1999, while petitioner was confined at the Carl Robinson Correctional Institution, an incident occurred which resulted in petitioner being issued a disciplinary report for assault upon another inmate. On April 26, 1999, petitioner was served with an additional disciplinary report. This report indicates that as a result of the investigation into the April 23 incident, petitioner was a security risk group affiliation violation.
The evidence confirms that petitioner was served with the above disciplinary reports and that, in accordance with the rules, hearings were held upon such reports and petitioner was found in violation of both charges. As a result of these findings of guilty, petitioner received 90 days loss of good time credits for each violation. The total sanctions imposed amounted to 180 days loss of good time credit. It is petitioner's claim that since both charges arose out of the same incident, the imposition of two sanctions was a double jeopardy violation.
In the context of a criminal trial, double jeopardy analysis is a two-step process. First, the charges must arise out of the same act or transaction; second, it must be determined whether the charged offenses are the same offense. Multiple punishments are forbidden only if both conditions are met. State v. Frazier, 194 Conn. 233, 238 (1984). Here, it could be found that both charges arise out of the same transaction. With respect to the second condition, where the same act or transaction constitutes a violation of two distinct provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304,52 Sup. Ct. 180,76 L.Ed. 306 (1932). Here, there is no question but that the two offenses are distinct. The elements of the assault charge are quite different from the elements of the risk group affiliation violation. Using this analysis, it must be concluded that presenting petitioner on the two separate charges and imposing separate sanctions for the two violations did not constitute double jeopardy. See also, State v.Santiago, 240 Conn. 97 (1997).
Petitioner has also alleged due process violations. No evidence was presented in support of these claims and a review of the evidence indicates that no due process violation occurred.
Accordingly, the petition is denied.
Joseph J. Purtill, Judge Trial Referee CT Page 9307